VASUDHA TALLA (SBN 316219)
vtalla@aclunc.org
MICHELLE (MINJU) CHO (SBN 321939)
mcho@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 621-2493
Fax: (415) 255-8437

JINGNI (JENNY) ZHAO (SBN 284684)
jennyz@advancingjustice-alc.org
GLENN KATON (SBN 281841)
glennk@advancingjustice-alc.org
ASIAN AMERICANS ADVANCING JUSTICE –
ASIAN LAW CAUCUS
55 Columbus Avenue
San Francisco, California 94111
Telephone: (415) 896-1701
Fax: (415) 896-1702

*Additional Counsel Listed On Next Page*

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BRIAN BUKLE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Case No. 5:21-CV-01973-AB (KSx)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date:　　　　May 6, 2022<br>Time:　　　　10:00 a.m.<br>Courtroom:　7B<br><br>Trial Date:　Not yet set |

SEAN A. COMMONS (SBN 217603)
scommons@sidley.com
KRISTEN T. ARABACI (SBN 341682)
karabaci@sidley.com
GLADYS (GIGI) M. N. KISELA (SBN 342717)
gkisela@sidley.com
SIDLEY AUSTIN LLP
555 W. Fifth Street, Suite 4000
Los Angeles, CA 90013
Telephone: (213) 896-6000
Fax: (213) 896-6600

*Attorneys for Plaintiff*
Brian Bukle

|   |   |
|---|---|
| 1 | Plaintiff Brian Bukle ("Plaintiff" or "Mr. Bukle") and Defendant United |
| 2 | States ("Defendant") (collectively, the "Parties") jointly submit the following report |
| 3 | pursuant to Fed. R. Civ. P. 26(f), C.D. Cal. Local Rule 26-1, and the Court's Order |
| 4 | Setting Scheduling Conference dated February 24, 2022. *See* ECF 18. The Parties |
| 5 | held a Rule 26(f) conference via telephone on March 14, 2022, and now submit this |
| 6 | Report. |
| 7 | **I.        STATEMENT OF THE CASE** |
| 8 | On November 22, 2021, Mr. Bukle filed a Complaint asserting five claims, |
| 9 | all pursuant to the Federal Tort Claims Act ("FTCA"): (1) false arrest or |
| 10 | imprisonment; (2) malicious prosecution; (3) intentional infliction of emotional |
| 11 | distress; (4) negligence; and (5) violations of The Bane Act, Cal. Civ. Code |
| 12 | § 52.1(a). Plaintiff alleges that, even though he is a U.S. citizen, officers of U.S. |
| 13 | Immigration and Customs Enforcement ("ICE") issued a detainer request for him, |
| 14 | caused him to be arrested on June 17, 2020, placed him in removal proceedings, |
| 15 | and detained him for over thirty days in an immigration detention facility. Plaintiff |
| 16 | seeks damages for the loss of liberty, emotional distress, and other harms. |
| 17 | On February 22, 2022, Defendant filed an Answer to Plaintiff's Complaint, |
| 18 | admitting certain allegations, denying others, and asserting various affirmative |
| 19 | defenses. ECF 17. After the Parties met and conferred, Defendant agreed to |
| 20 | withdraw seven asserted defenses and amend one other. On March 29, 2022, |
| 21 | Defendant filed an amended Answer reflecting those changes. ECF 22. |
| 22 | The Court has scheduled the Scheduling Conference for May 6, 2022 at |
| 23 | 10 a.m. There are no other dates upcoming in this matter. |
| 24 | **A.        Plaintiff's Statement** |
| 25 | No one in the United States may be arrested or imprisoned without probable |
| 26 | cause. Further, ICE has no authority to enforce immigration laws against a United |
| 27 | States citizen, and cannot arrest an individual without probable cause of |
| 28 | removability from the United States. Contrary to these fundamental principles, ICE |

issued a detainer request and arrested Plaintiff, even though he was a U.S. citizen and ICE lacked probable cause of his removability. Plaintiff has lived in the U.S. since he was two years old and has been a U.S. citizen for over 50 years. Despite Plaintiff's claim and indicia of citizenship, ICE failed to take required steps to confirm Plaintiff's citizenship status, resulting in Plaintiff's false arrest, false imprisonment, and placement in immigration removal proceedings. Plaintiff brings five claims, all under the FTCA.

### B. Defendant's Statement

Plaintiff came to the attention of ICE pursuant to his incarceration at the Tehachapi California Correctional Institution (CCI), located in Tehachapi, California following his conviction in the Superior Court of California, County of Riverside, for the offense of Assault on a Person, in violation of California Penal Code Section 245(a)(4). Upon his arrival at Tehachapi CCI, biometrics confirmed Plaintiff's identity and records check of federal records affirmatively indicated that Plaintiff was a noncitizen and lacked immigration status, at which point a detainer was lodged on March 28, 2019. Following his release from criminal custody, he was transferred to ICE custody on or about June 17, 2020. While in ICE custody, Plaintiff claimed to be a U.S. citizen. Following an additional investigation into Plaintiff's citizenship and immigration status, it was concluded that Plaintiff had established a probative claim to U.S. citizenship and was released from custody on or about July 22, 2020.

Defendant disputes any contention that it acted without probable cause and disputes the nature and extent of liability and damages.

## II.     SUBJECT MATTER JURISDICTION

### A. Plaintiff's Statement

This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. §§ 1331 (federal question) and 1346(b) (FTCA). Plaintiff exhausted his administrative remedies prior to filing his Complaint. *See* Complaint ¶ 5; Amended

Answer ¶ 5.

### B. Defendant's Statement

In Defendant's Amended Answer (ECF 22), Defendant asserts that Plaintiff's claims are barred insofar as they challenge an act or omission of a government employee exercising due care in the execution of a statute or regulation, or to the extent that Plaintiff's claims are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty. *See* 28 U.S.C. § 2680(a). In addition, Defendant asserts that the Court lacks subject matter jurisdiction over Plaintiff's claim pursuant to the Bane Act, Cal. Civ. Code § 52.1, to the extent it is predicated on violations of federal constitutional and/or statutory rights. While Defendant did not file a motion to dismiss on this jurisdictional issue, Defendant does not concede subject matter jurisdiction and reserves the right to raise this issue on summary judgment after discovery.

## III. LEGAL ISSUES

### A. Plaintiff's Statement

This matter turns on the resolution of factual and legal issues which include, but are not limited to:

- Whether Defendant had probable cause to issue a detainer for Plaintiff based upon a review of databases that were filled with errors, omissions, and other infirmities;
- Whether Defendant had probable cause to falsely arrest Plaintiff and keep him falsely detained in its custody for over one month;
- Whether ICE officers intentionally falsified information and omitted material information to create the fiction that there was probable cause to believe Plaintiff was a removable noncitizen;
- Whether ICE unlawfully directed private contractors to falsely arrest Plaintiff and transfer him to ICE custody;

- Whether Defendant intentionally inflicted emotional distress on Plaintiff;
- Whether Defendant breached its duty of care to Plaintiff; and
- Whether Defendant interfered with Plaintiff's rights through threat, intimidation, or coercion; or with knowledge and spite or reckless disregard.

Plaintiff notes that whether biometric databases are valid sources of probable cause for an immigration arrest is an issue currently before this Court in *Gonzalez v. ICE*, No. 2:12-cv-09012-AB-FFM (C.D. Cal.). Plaintiff believes that certain evidence that has been developed in that action is likely to be relevant here, as Plaintiff's own immigration detainer was issued pursuant to unreliable biometric database checks.

Plaintiff anticipates that additional issues may arise as this action proceeds.

**B.     Defendant's Statement**

In addition to the legal issues identified by Plaintiff. Defendant identifies the following additional legal issues to be determined in this action:

- Whether the court lacks subject matter jurisdiction over this action because the discretionary function exception, *see* 28 U.S.C. § 2680(a), bars Plaintiff's FTCA claims against the United States.
- Whether the court lacks subject matter jurisdiction over this action because the United States has not waived its sovereign immunity over claims predicated on the federal constitutional and/or statutory violations.  See 28 U.S.C. § 1346(b)(1).
- Whether the United States acted reasonably and with lawful privilege when ICE arrested and detained Plaintiff pursuant to lawful federal immigration proceedings detainer based on biometrics, federal records, and Plaintiff's statements.

IV. **PARTIES, WITNESSES, AND EVIDENCE**

The parties to this action are:
- Plaintiff Brian Bukle
- Defendant United States

A. **Plaintiff's Statement**

Percipient witnesses include:
- Plaintiff Brian Bukle
- Basil Bukle
- Margaret Lucill Salters
- Roy Antonio Bukle
- Doris Neomi Bukle
- Beulah Bukle
- Kenrick Bukle
- James Bukle
- Rosemary "Linda" Bukle*
- Byron Bukle
- Cecilia Bukle*
- Jacqueline Bukle*
- Judy Bukle*
- Joseph Bukle
- Maddie Boyd, an immigration attorney employed by the San Francisco Public Defender's Office
- Susan Beaty, an immigration attorney employed at Centro Legal de la Raza
- D. Lowes, Supervisory Detention and Deportation Officer
- E. Garibay, Deportation Officer

---

* Married; Bukle is her maiden name.

- R. Cruz, Deportation Officer
- Tracy Nguyen, Assistant Chief Counsel for ICE
- Jamie Maldonado, Deportation Officer
- Purported therapist who spoke to Mr. Bukle at Mesa Verde ICE Detention Facility
- Other officers and/or employees of ICE, ICE's contractors, or CDCR yet to be identified.

Key documents include:

- Evidence of the naturalization and citizenship of Mr. Bukle and his family members.
- Documents regarding Mr. Bukle that were consulted, reviewed and/or created by ICE, ICE's contractors, CDCR, and third parties;
- Communications regarding Mr. Bukle by and among officers and employees of ICE, ICE's contractors, CDCR, and third parties;
- ICE Policy No. 16001.2, entitled "Investigating the Potential U.S. Citizenship of Individuals Encountered by ICE"
- Documents regarding ICE's policies and practices with respect to issuing detainer requests based on biometrics-based checks of databases, including but not limited to documents and other evidence introduced in *Gonzalez v. ICE*, No. 2:12-cv-09012-AB-FFM (C.D. Cal.).

**B.     Defendant's Statement**

In addition to the parties, witnesses, and documents by Plaintiff, the United States identifies the following additional parties, witnesses, and documents in this action.

- ICE detainer for Plaintiff dated March 28, 2019, issued by the San Francisco Field Office located in the Eastern District of California
- Statements and admissions by Plaintiff that he was a citizen of the

British Virgin Islands and a lawful permanent resident.

- Plaintiff's alien file and conviction records.

## V. DAMAGES

Plaintiff believes he will realistically be able to prove damages of $1,000,200, the amount requested in his administrative complaint.

## VI. INSURANCE

There is no insurance policy at issue.

## VII. MOTIONS

The parties do not anticipate filing any early procedural motions at this time. The parties may file various discovery motions, as well as motions in limine and/or other pre-trial motions if this matter proceeds to trial.

## VIII. DISPOSITIVE MOTIONS

### A. Plaintiff's Statement

Plaintiff may file a motion for summary judgment. Plaintiff believes that it may be possible to resolve on summary judgment whether Defendant is liable for (1) false arrest/false imprisonment, (2) malicious prosecution, (3) intentional infliction of emotional distress, (4) negligence, and (5) violations of The Bane Act.

### B. Defendant's Statement

Defendant may file a motion for summary judgment disputing subject matter jurisdiction as well as failure to establish that Defendants acted without probable cause.

## IX. MANUAL FOR COMPLEX LITIGATION

The Parties agree that this case does not need to be treated as a complex case governed by the procedures in the Manual for Complex Litigation.

## X. STATUS OF DISCOVERY

The Parties have met and conferred regarding the scope of discovery, as required by Fed. R. Civ. P. 26(f). Plaintiff has served his First Set of Requests for Production (Nos. 1–23). Plaintiff served initial disclosures on March 28, 2022.

Pursuant to a stipulation with Plaintiff, Defendant will serve its initial disclosures by April 22, 2022. As of the date of this filing, the United States has not yet served written discovery.

## XI. DISCOVERY PLAN

### A. Plaintiff's Statement

Plaintiff believes the ordinary rules for discovery under Fed. R. Civ. P. 26 should apply in this case. At this time, Plaintiff does not request that this Court enter any orders changing the normal discovery rules.

Plaintiff served initial disclosures on March 28, 2022 as required by Fed. R. Civ. P. 26(a). Plaintiff served his First Set of Requests for Production on March 17, 2022, and intends to serve additional written discovery demands, including interrogatories and additional requests for admission and production. At this time, Plaintiff anticipates focusing on document discovery, leveraging to the extent possible discovery that has been conducted in related litigation—particularly *Gonzalez v. ICE*, No. 2:12-cv-09012-AB-FFM (C.D. Cal.)—before turning to oral depositions.

Plaintiff plans to notice the 10 depositions to which he is entitled under Fed. R. Civ. P. 30. Plaintiff intends to seek depositions to demonstrate that the biometric databases on which Defendant relied to issue an immigration detainer for Plaintiff are unreliable; that Defendant failed to follow its own policies regarding the arrest of potential U.S. citizens; and that Defendant lacked probable cause to arrest and detain Plaintiff. Plaintiff anticipates staying within Fed. R. Civ. P. 30's limits for depositions, but will seek leave from this Court if he later believes additional depositions are necessary.

### B. Defendant's Statement

Pursuant to stipulation with Plaintiff, Defendant will serve its initial disclosures on April 22, 2022. Defendant anticipates serving written discovery requests, including interrogatories, and requests for admission and production, and

conducting depositions of the relevant witnesses. Defendant anticipates the parties will seek a protective order with the Court concerning the protection of confidential information produced during discovery.

## XII. DISCOVERY CUT-OFF

The Parties propose that the date for non-expert discovery cut-off be November 17, 2022.

## XIII. EXPERT DISCOVERY

The Parties propose that initial expert disclosures be due on November 1, 2022; and that rebuttal expert disclosures be due on November 22, 2022. The Parties propose that the date for expert discovery cut-off be December 9, 2022.

## XIV. SETTLEMENT CONFERENCE/ALTERNATIVE DISPUTE RESOLUTION

The Parties request that the Court refer them to a settlement conference with a magistrate judge in the near future, with the goal of conducting a settlement conference in summer 2022.

The Parties propose February 17, 2023 as the date by which the conference must be completed.

## XV. TRIAL ESTIMATE

### A. Plaintiff's Statement

Plaintiff requests that this matter be set for a Court trial. If the matter proceeds to trial, Plaintiff anticipates calling approximately 10 witnesses, which include fact witnesses regarding the issuance of Mr. Bukle's detainer, his arrest, and his detention, as well as expert witnesses regarding ICE's use of and the reliability of biometrics-based searches of databases to issue detainers.

Plaintiff estimates a trial length of 7 court days. Plaintiff bases this estimate on the 8-day trial length in *Gonzalez v. ICE*, No. 2:12-cv-09012-AB-FFM (C.D. Cal.).

As in *Gonzalez*, the issue of whether biometric-based searches of databases

provided probable cause to support the issuance of an immigration detainer for Mr. Bukle is a key element of Plaintiff's claims. As Plaintiff currently lacks knowledge of how many or which databases Defendant might have searched to generate the immigration detainer that led to his arrest by ICE, Plaintiff must proceed under the assumption that at trial he will have to prove that every database Defendant used to generate his immigration detainer was unreliable. At this time, Plaintiff estimates he will need 7 court days to prove his claims. However, once Defendant identifies the databases upon which it relied for Plaintiff's immigration detainer, much of the trial evidence in *Gonzalez* should be relevant and admissible in the instant action. If the Parties can stipulate to the admission of *Gonzalez* trial evidence here, Plaintiff believes fewer than 7 court days will be needed for trial.

In addition to evidence about biometric-based databases, Plaintiff anticipates providing trial testimony about Plaintiff's arrest by ICE, detention in ICE custody, and eventual release.

### B. Defendant's Statement

Plaintiff's FTCA claims shall be tried by the court without a jury. *See* 28 U.S.C. § 2402. The United States anticipates 4-5 days for trial considering the issues raised in Plaintiff's statement above, but notes that the issues in this case are narrower than in *Gonzalez* therefore reducing the trial estimate.

## XVI. TRIAL COUNSEL

Trial counsel for Plaintiff will be the attorneys listed in the caption.

Trial counsel for Defendant will be Christina Marquez, Assistant United States Attorney of the United States Attorney's Office.

## XVII. INDEPENDENT EXPERT OF MASTER

The Parties agree that this case does not require an independent expert or master.

## XVIII. SCHEDULE WORKSHEET

The Parties' Schedule Worksheet is attached.

| | | |
|---|---|---|
| 1 | **XIX.** | **OTHER ISSUES** |
| 2 | | The Parties do not raise any other issues. |

Respectfully submitted,

Date: April 22, 2022      /s/ *Sean A. Commons*
                          Sean A. Commons

*Attorneys for Plaintiff*
Brian Bukle


Dated: April 22, 2022     Respectfully submitted,

                          TRACY L. WILKISON
                          United States Attorney
                          DAVID M. HARRIS
                          Assistant United States Attorney
                          Chief, Civil Division
                          JOANNE S. OSINOFF
                          Assistant United States Attorney
                          Chief, General Civil Section


                             /s/ *Christina Marquez*
                          CHRISTINA MARQUEZ
                          Assistant United States Attorney

                          Attorneys for Defendant United States of America

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.