VASUDHA TALLA (SBN 316219)
vtalla@aclunc.org
MICHELLE (MINJU) CHO (SBN 321939)
mcho@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 621-2493
Fax: (415) 255-8437

JINGNI (JENNY) ZHAO (SBN 284684)
jennyz@advancingjustice-alc.org
GLENN KATON (SBN 281841)
glennk@advancingjustice-alc.org
ASIAN AMERICANS ADVANCING JUSTICE –
ASIAN LAW CAUCUS
55 Columbus Avenue
San Francisco, California 94111
Telephone: (415) 896-1701
Fax: (415) 896-1702

*Additional Counsel Listed On Next Page*

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN BUKLE,<br><br>                    Plaintiff,<br><br>          v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | Case No.  5:21-cv-1973-TJH-KS<br><br>**PLAINTIFF'S NOTICE OF RELATED CASES**<br><br>**L.R. 83-1.3** |

1  SEAN A. COMMONS (SBN 217603)
   scommons@sidley.com
2  KRISTEN T. ARABACI (SBN 341682)
   karabaci@sidley.com
3  GLADYS (GIGI) M. N. KISELA (SBN 342717)
   gkisela@sidley.com
4  SIDLEY AUSTIN LLP
   555 W. Fifth Street, Suite 4000
5  Los Angeles, CA 90013
   Telephone: (213) 896-6000
6  Fax: (213) 896-6600

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:21-cv-1973-TJH-KS

PLAINTIFF'S NOTICE OF RELATED CASES

Pursuant to Local Rule 83-1.3.1, Plaintiff hereby gives notice that this case is related to the following cases already on file in the Central District of California before the Hon. André Birotte, Jr.:

1.    *Gerardo Gonzalez, et al. v. Immigrations and Customs Enforcement, et al.*, No. 2:13-cv-04416-AB-FFM (C.D. Cal. filed June 19, 2013) ("*Gonzalez*"); and

2.    *Gabriela Solano v. Immigration and Customs Enforcement, et al.*, No. 2:21-CV-01576-AB-KS (C.D. Cal. filed February 19, 2021) ("*Solano*").

Plaintiff previously filed a Notice of Related Cases describing the relationship between this action and the *Gonzalez* and *Solano* litigation. *See* ECF No. 9. On November 30, 2021, this action was transferred to the calendar of Judge Birotte. *See* ECF No. 11.  On May 9, 2022, this action was transferred to the calendar of the Hon. Terry J. Hatter, Jr. for all further proceedings. *See* ECF No. 28.

In light of the significant overlap in issues between the instant action and the *Gonzalez* and *Solano* cases, as well as Judge Birotte having presided over a several-day bench trial in *Gonzalez*, judicial economy would be served if this action were transferred again to Judge Birotte. Counsel for Defendant United States has stated that they have no objection to this action being assigned to Judge Birotte.

## RELATIONSHIP OF THIS CASE TO *GONZALEZ*

Local Rule 83-1.3.1 requires that parties notify the court whenever two or more civil cases filed in this District: "(a) arise from the same or a closely related transaction, happening, or event; (b) call for determination of the same or substantially related or similar questions of law and fact; or (c) for other reasons would entail substantial duplication of labor if heard by different judges."

Under subsections (b) and (c), this case raises a claim that calls for determination of the same or substantially related questions of law as those at issue in the *Gonzalez* action and involves issues that would require substantial duplication of labor if heard separately from *Gonzalez*.

PLAINTIFF'S NOTICE OF RELATED CASES

1    Plaintiff brings this case against the United States under the Federal Tort

2    Claims Act alleging, *inter alia*, that the issuance by U.S. Immigration and Customs

3    Enforcement ("ICE") of a biometrics-based database detainer for him lacked

4    probable cause of removability because the databases checked by ICE lack

5    complete, accurate, and current records of citizenship status. *Gonzalez* is a certified

6    class action that challenges, *inter alia*, ICE's practices in issuing biometrics-based

7    database detainers because the databases relied upon by ICE in issuing those

8    detainers are not sufficiently reliable to provide probable cause of removability.

9    *Compare Bukle* Compl. ¶¶ 102-03, 127-28, *with Gonzalez v. U.S. Immigr. &*

10   *Customs Enf't*, 975 F.3d 788, 819-23 (9th Cir. 2020).

11    The suits also involve overlapping factual questions: the process by which

12   ICE issues biometrics-based database detainers, including the specific databases

13   relied upon by ICE in issuing detainers; the scope of information contained in those

14   databases; and the scope of errors, omissions, and other problems that render those

15   databases unreliable sources of information—all of which the *Gonzalez* court has

16   already explored in depth. *Compare Gonzalez v. Immigr. & Customs Enf't*, 416 F.

17   Supp. 3d 995, 1000-12 (C.D. Cal. 2019), *rev'd and vacated sub nom. Gonzalez v.*

18   *U.S. Immigr. & Customs Enf't*, 975 F.3d 788 (9th Cir. 2020) (trial court's factual

19   findings regarding ICE's process of issuing immigration detainers and warrants),

20   *with* Dkt. No. 1 ("*Bukle* Compl.") ¶¶ 74-96 (parallel allegations).

21    Assigning this civil action to a different judge would result in substantial

22   duplication of labor. The *Gonzalez* court has already issued findings of fact after a

23   lengthy bench trial in which it heard extensive evidence and expert testimony

24   regarding the complex set of processes and databases used by ICE to receive

25   biometrics information, check databases, and issue biometrics-based database

26   detainers; the information held in and omitted from each database; the types of

27   information held by ICE and other federal agencies regarding alienage and

28   citizenship; the types of information needed by ICE to determine an individual's

PLAINTIFF'S NOTICE OF RELATED CASES

citizenship, immigration status, and removability; the errors and lack of reliability of each database; and whether and how databases contain information about derivative citizens. The *Gonzalez* court remains involved in the factual and legal questions raised by biometrics-based database detainers: after remand from the Ninth Circuit, the trial court will again address whether ICE's reliance on databases can give rise to probable cause of removability. Assigning this civil action to a different judge would require that judge to familiarize themselves with the foregoing factual and legal issues, all of which have already been litigated in *Gonzalez*. Judicial efficiency would thus be promoted if this case were heard by the same judge who has been assigned to preside over *Gonzalez*.

## RELATIONSHIP OF THIS CASE TO *SOLANO*

Pursuant to Local Rule 83-1.3.1(b), this case is related to the *Solano* case because the cases call for a determination of one of the same questions of law— whether the Immigration and Nationality Act ("INA) and its implementing regulations authorize private contractors that are not employees of ICE to engage in civil immigration arrests at prisons.

One of Plaintiff's claims in this case is that his arrest by ICE lacked lawful privilege because he was arrested by employees of G4S Secure Solutions, Inc. ("G4S"), a private contractor of ICE, as he was released from a state prison. The *Solano* case, a putative class action, challenges ICE's policy and practice of retaining and directing employees of G4S to arrest individuals at jails and prisons in California for immigration enforcement purposes without any ICE immigration officer present. *Compare Solano v. Immigr. & Customs Enf't*, No. 2:21-CV-01576-AB-KS, 2021 WL 4539860, at *1 (C.D. Cal. Sept. 1, 2021), *with Bukle* Compl. ¶¶ 29-30 (parallel allegations). Both cases raise the legal question of whether an arrest by a private contractor violates the INA and its implementing regulations, which require an immigration officer employed by the Department of Homeland Security

1  to effectuate civil immigration arrests. *Compare Solano*, 2021 WL 4539860, at *1,

2  *with Bukle* Compl. ¶¶ 104, 131, 135.

3  **CONCLUSION**

4       For all of these reasons, Plaintiff respectfully requests that this case be

5  related to *Gonzalez* and *Solano* under Local Rule 83-1.3.1, and transferred to Judge

6  Birotte for all further proceedings.

7

8  DATED:  May 16, 2022        AMERICAN CIVIL LIBERTIES UNION

9                     FOUNDATION OF NORTHERN
                   CALIFORNIA

10

11                     By: */s/ Vasudha Talla*
                   VASUDHA TALLA

12                     Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28